**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-CV-26893**

UBANK, a Texas state-chartered
financial institution,

Plaintiff,

v.

ESTEFANIA GASPARINI LAMONDIN,
an individual and LUIS GASPARINI, Sr.,
an individual,

Defendants.

_____________________________________________/

**PLAINTIFF'S COMPLAINT**

Plaintiff, UBank, a Texas state-chartered financial institution ("UBank" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendants Luis Gasparini, Sr. a/k/a Luis Gasparini ("Luis" or "Gasparini Sr.") and Estefania Gasparini Lamondin ("Estefania") (collectively, "Defendants"), to avoid and recover fraudulent transfers of property pursuant to Florida Statutes Chapter 726, and in support states as follows:

**JURISDICTION, VENUE, AND THE PARTIES**

1. Pursuant to 28 U.S.C. § 1332, this Court has original subject matter jurisdiction over this action because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. The Court has personal jurisdiction over the Defendants because Estefania and Luis are domiciled in the State of Florida and because Defendants otherwise have minimum contacts with the State of Florida, including in the Southern District of Florida.

3. Venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District and the Defendants reside in this District.

4. Plaintiff, UBank, is a Texas state-chartered financial institution. Therefore, UBank is a citizen of Texas.

5. Defendant, Estefania Gasparini Lamondin, is an individual residing and doing business in the Southern District of Florida. Therefore, Estefania is a citizen of Florida.

6. Defendant, Luis Gasparini, Sr., is an individual residing and doing business in the Southern District of Florida. Therefore, Luis is a citizen of Florida.

7. Upon information and belief, Luis is Estefania's father.

## GENERAL ALLEGATIONS

8. On August 2, 2026, UBank filed a complaint against Gasparini Sr., pending in the United States Court for the Southern District of Florida, styled as *UBank v. Giancarlo Gasparini and Luis Gasparini et. al*, Case No. 1:25-cv-22594 (the "UBank v. Gasparini Sr. Lawsuit"). *See UBank v. Gasparini Sr. Lawsuit*, D.E. 97. A true and correct copy of the Complaint filed in the UBank v. Gasparini Sr. Lawsuit is attached hereto as **Exhibit "1"**.

9. In connection with the UBank v. Gasparini Sr. Lawsuit, UBank seeks a money judgment and related relief against Gasparini Sr., resulting from the fraudulent transfers of certain ownership interest held in Euro Exchange Corporation, a Florida corporation, amongst other things.

10. At the time UBank filed the UBank v. Gasparini Sr. Lawsuit, Luis owned the real property located in Miami-Dade County, Florida, as reflected on the Quit-Claim dated November 23, 2026, and recorded as Official Records Book 30323 and Pages No. 508-509 of the Public Records of Miami-Dade County, Florida (the "2016 Deed"), and legally described as follows:

Unit No. 802, JADE RESIDENCES AT BRICKELL BAY CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 22571, Page 3837, of the Public Records of Miami Dade County, Florida.

Folio Number: 01-4139-082-0710

Address: 1331 Brickell Bay Drive, 802, Miami, Florida 33131

(the "Property"). A true and correct copy of the 2016 Deed is attached hereto as **Exhibit "2"**.

11. Prior to the 2016 Deed, Luis Gasparini Sr. first took ownership of the Property via certain Warranty Deed dated January 30, 2006 (the "2006 Deed"). A true and correct copy of the 2006 Deed is attached hereto as **Exhibit "3"**.

12. The 2006 Deed reflects that documentary stamp tax in the amount of $5,700 was paid in connection with the Property.

13. Upon information and belief, Luis Gasparini Sr. paid approximately $950,000 when he acquired the Property in 2006.

14. Between 2006 and 2016, the Property was titled in the name of either a Gasparini family member or titled under an entity controlled by Gasparini Sr. and Giancarlo Gasparini:

a) Euro Exchange Corporation held ownership of the Property between February 1, 2006 to January 28, 2008, a copy of the deed is attached hereto as **Exhibit "4"** ;

b) Euro Financial Corporation held ownership of the Property between January 28, 2008 to November 22, 2013, a copy of the deed is attached hereto as **Exhibit "5"** ;

c) Giancarlo Gasparini held ownership of the Property between November 22, 2013 to November 23, 2016, a copy of the deed is attached hereto as **Exhibit "6"** ; and

d) Luis Gasparini held ownership of the Property between November 23, 2016 to August 14, 2026, a copy of the deed is attached hereto as **Exhibit "7".**


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

15. On August 14, 2026, Luis Gasparini Sr. transferred the Property, by Quit Claim Deed, from Luis Gasparini, a married man, as grantor, to Estefania Gasparini Lamondin, as grantee (the "Deed to Estefania").

16. Upon information and belief, at the time of the transfer of the Property to Estefania, the Property had a minimum fair market value of $865,000 and $895,600, if not more.

17. At the time of the transfer of the Property to Estefania, Luis was a debtor within the meaning of Fla. Stat. § 726.102.

18. The Deed to Estefania states that "transfer is being made pursuant to estate planning by the grantor transferring the property to his daughter. **The property is not the homestead of the grantor."**

19. Upon information and belief, Luis transferred the Property in order to avoid, hinder, and/or delay Plaintiff's ability to collect on a future judgment of the Plaintiff.

20. The transfer was a "transfer" of "Property," as defined by Fla. Stat. § 726.102.

21. Luis' interest in the Property were not exempt from execution by its creditors. The interest in the Property (or the value of it) can be recovered and applied toward Luis' debts.

22. Luis intended to place the Property out the reach of his creditors.

23. UBank has retained the undersigned attorneys to represent its interests herein and is entitled to recover its fees pursuant to applicable law.

24. All conditions precedent to this action have been performed, satisfied, or otherwise waived.

## COUNT I – ACTUAL FRAUDULENT TRANSFER UNDER § 726.105(1)(a)
## (against Luis Gasparini, Sr. and Estefania Gasparini Lamondin)

25. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 24 as if fully set forth herein.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

26. This is an action to avoid and recover fraudulent transfer pursuant to Section 726.105(1)(a) of the Florida Statutes.

27. Fla. Stat. § 726.105(1)(a) provides that: "a transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…with actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. § 726.105(1)(a).

28. UBank constitutes a creditor within the meaning of Fla. Stat. §§ 726.102 and 726.105.

29. Upon information and belief, Luis transferred his ownership interests in the Property to Estefania.

30. The transfer of the Property by Luis to Estefania was not a transfer to a bona fide purchaser for value. Rather, the transfer was made with actual intent to hinder, delay, or defraud UBank in violation of Fla. Stat. 726.105(1)(a).

31. Upon information and belief, the transfer was to an insider within the meaning of Fla. Stat. § 726.102 because Estefania is Luis' daughter.

32. Upon information and belief, Luis retained a beneficial interest, possession, or control of the Property after the transfer.

33. Upon information and belief, Luis had incurred a substantial debt around the time of the transfer was made and UBank had filed suit against Luis prior to the transfer.

34. The transfer of the Property was not disclosed to Plaintiff and was concealed.

35. The transfer was made during the pendency of the UBank v. Gasparini Sr. Lawsuit.

36. Upon information and belief, Luis did not receive reasonably equivalent value in exchange for the transfer of the Property.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

37. Upon information and belief, Estefania knew that she had not paid reasonably equivalent value for the Property.

38. Upon information and belief, before the transfers were made, Luis and/or Estefania had knowledge of Plaintiff's claim and that it arose before the transfers were made.

39. The transfer of the Property was caused with the actual intent to hinder, delay, or defraud UBank.

40. Pursuant to § 726.108, UBank is entitled to the avoidance of the transfers and damages against Estefania and/or Luis.

**WHEREFORE**, pursuant to sections 726.105(1)(a), 726.109, and 726.108, Florida Statutes, Plaintiff, UBank, respectfully requests (1) this Court to enter a judgment in its favor and against Defendants Estefania and Luis, avoiding the transfers related to the Property, plus the amount of additional transfers to be proven after further discovery; (2) entry of a money judgment against Estefania Gasparini Lamondin, in accordance with Chapter 726, plus the amount of additional transfers to be proven after further discovery, plus pre-judgment interest from the date of the transfers; (3) enter an order enjoining Estefania and Luis from further transferring any right, title or interest in the Property; (4) entry of an order allowing Plaintiff to levy by way of execution against Defendant Luis Gasparini, Sr. and/or Estefania Gasparini, in order to satisfy such money judgment, if applicable; (5) that the Court award Plaintiff applicable attorneys' fees and costs pursuant to applicable law; and (6) such other and further relief as this Court may deem just and proper.

**COUNT II – CONSTRUCTIVE FRAUDULENT TRANSFER UNDER § 726.105(1)(b)(2)**
**(against Estefania Gasparini Lamondin and Luis Gasparini, Sr.)**

41. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 24 as if fully set forth herein.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

42. This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.105(1)(b) of the Florida Statutes.

43. Fla. Stat. § 726.105(1)(b)(2) provides that: "a transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…without receiving a reasonably equivalent value in exchange for the transfer…[and] intended to incur, or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." Fla. Stat. § 726.105(1)(b)(2).

44. UBank constitutes a creditor within the meaning of Fla. Stat. §§ 726.102 and 726.105.

45. Luis received less than reasonably equivalent value in exchange for the Property.

46. Upon information and belief, at the time of the transfer, Luis was engaged or about to engage in a business transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

47. At the time of the transfers, Luis intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

48. The transfer was made during the pendency of the UBank v. Gasparini Sr. Lawsuit.

49. Around the time of the transfer was made, Luis had incurred substantial debt and/or UBank had already filed suit against Luis.

**WHEREFORE**, UBank respectfully requests this Court enter judgment in its favor and against Defendants Estefania Gasparini Lamondin and Luis Gasparini, Sr., (1) avoiding the transfer of the Property; (2) awarding damages against Defendant Luis Gasparini, Sr. and Estefania Gasparini, in accordance with Chapter 726, plus interest and costs; (3) awarding Plaintiff


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

applicable attorneys' fees and costs pursuant to applicable law; (4) enter provisional remedies against further transfers of the Property by Estefania and Luis, including, but not limited to, injunctive relief; and (5) such other and further relief as this Court may deem just and proper.

**COUNT III –CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 726.106(1)**
**(against Estefania Gasparini Lamondin and Luis Gasparini, Sr.)**

50. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 24 as if fully set forth herein.

51. This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.106(1) of the Florida Statutes.

52. Florida Statute 726.106(1) provides that, "a transfer made…by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made…if the debtor made the transfer…without receiving a reasonably equivalent value in exchange for the transfer…and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." § 726.106(1).

53. UBank's claim arose before the transfer of the Property.

54. Luis was a debtor within the meaning of Fla. Stat. § 726.102.

55. Luis received less than reasonably equivalent value in exchange for the Property.

56. Upon information and belief, Luis was insolvent at the time of the transfer, or became insolvent as a result of the transfer.

**WHEREFORE**, UBank respectfully requests this Court enter judgment in its favor and against Defendants Estefania Gasparini Lamondin and Luis Gasparini, Sr., (1) avoiding the transfer of the Property; (2) awarding damages against Defendant Luis Gasparini, Sr. and Estefania Gasparini, in accordance with Chapter 726, plus interest and costs; (3) awarding Plaintiff applicable attorneys' fees and costs pursuant to applicable law; (4) enter provisional remedies


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

against further transfers of the Property by Estefania and Luis, including, but not limited to, injunctive relief; and (5) such other and further relief as this Court may deem just and proper.

Dated: October 1, 2026.

Respectfully submitted,

**EPGD ATTORNEYS AT LAW, P.A.**
*Attorneys for UBank*
777 SW 37th Ave., Fifth Floor
Miami, FL 33135
T: (786) 837-6787
F: (305) 718-0687
sarah@epgdlaw.com

BY: /s/ *Sarah Denis*
Sarah Denis, Esq.
Florida Bar No.: 1010695