# Exhibit "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-22594**

UBANK, a Texas state-chartered
financial institution,

Plaintiff,

v.

GIANCARLO GASPARINI, an individual,
GG16 LLC, a Montana limited liability company,
and LUIS GASPARINI, Sr., an individual,

Defendants.

_______________________________________________/

**PLAINTIFF'S COMPLAINT IN PROCEEDINGS SUPPLEMENTARY**

Plaintiff, UBank, a Texas state-chartered financial institution ("UBank" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant Giancarlo Gasparini ("Giancarlo"), Third-Party Defendants Luis Gasparini, Sr., individually ("Luis") and GG16 LLC, a Montana limited liability company ("GG16") (collectively, "Defendants"), to avoid and recover fraudulent transfers of property pursuant to Florida Statutes Chapter 726 and Florida Statute 56.29, and in support states as follows:

**JURISDICTION, VENUE, AND THE PARTIES**

1. Pursuant to 28 U.S.C. § 1332, this Court has original subject matter jurisdiction over this action because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. The Court has jurisdiction over these proceedings supplementary to execution pursuant to Florida Statutes § 56.29, made applicable by Fed. R. Civ. P. 69.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

3. The Court has personal jurisdiction over the Defendants because Giancarlo and Luis are domiciled in the State of Florida, because GG16 LLC is a Montana limited liability company whose members, Giancarlo and Luis, are domiciled in Florida, and because Defendants otherwise have minimum contacts with the State of Florida, including in the Southern District of Florida.

4. The Court has ancillary jurisdiction over this supplementary proceeding.

5. Venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District and the Defendants reside in this District.

6. Venue is also proper pursuant to Fed. R. Civ. P. 69.

7. Plaintiff, UBank, is a Texas state-chartered financial institution. Therefore, UBank is a citizen of Texas.

8. Defendant, Giancarlo Gasparini, is an individual residing and doing business in the Southern District of Florida. Therefore, Giancarlo is a citizen of Florida.

9. Defendant, Luis Gasparini, Sr., is an individual residing and doing business in the Southern District of Florida. Therefore, Luis is a citizen of Florida.

10. Defendant, GG16 LLC, is a limited liability company organized under the laws of Montana, whose members, Giancarlo and Luis, reside in the Southern District of Florida and are citizens of Florida.

11. Upon information and belief, Luis is Giancarlo's father.

## GENERAL ALLEGATIONS

12. Giancarlo is an owner of Forensic Stat Laboratory, Inc., a Florida corporation ("Forensic Stat" or "Borrower").

13. On March 10, 2022, Borrower executed a Revolving Promissory Note for a commercial line of credit, with a principal amount of $2,000,000.00, as modified, in favor of Plaintiff (collectively, the "Note" or "Loan").

14. On or about March 10, 2022, to secure payment on the Note, Giancarlo executed an Unlimited Guaranty guaranteeing payment of all amounts due and owing under the Note and subsequent modifications (the "March 2022 Guaranty").

15. In connection with applying for the Loan, and which UBank relied upon in accordance with the representations and warranties set forth in the March 2022 Guaranty, Giancarlo provided UBank a completed Personal Financial Statement wherein Giancarlo represented to UBank that he owned 20% interest in Euro Exchange Corporation ("Euro Exchange") and that such interest was worth millions of dollars ("2021 PFS").

16. In accordance with the 2021 PFS, Giancarlo also represented to UBank that he owned $500,000 in automobile assets and $100,000 in jewelry.

17. Upon information and belief, Giancarlo transferred his shares in Euro Exchange to Luis (the "Euro Shares Transfer").

18. On October 30, 2024, Plaintiff sent Forensic Stat and Gasparini a Notice of Default ("Notice"), outlining various events of default under the Loan.

19. Upon information and belief, after receiving the Notice on October 30, 2024, Giancarlo transferred at least four watches to Luis in or about December 2024 (the "Watches" or "Watches Transfer").

20. Upon information and belief, the Watches are Cartier and Rolex watches and are worth at least $100,000 in fair market value.

21. Upon information and belief, Luis paid less than the reasonable equivalent value of the Watches.

22. Upon information and belief, after receiving the Notice, Giancarlo transferred a Ferrari 812 Superfast and a Ferrari SF 90 (collectively, the "Transferred Ferraris" or "Ferrari Transfer") to GG16,[1] in or about December 2024.

23. Upon information and belief, GG16 was created to avoid creditor attachment.

24. Upon information and belief, the Transferred Ferraris were worth at least $500,000.

25. Upon information and belief, Giancarlo and Luis share ownership of the Transferred Ferraris.

26. Upon information and belief, Giancarlo did not receive any value for the Transferred Ferraris.

27. Upon information and belief, although title was transferred to GG16, Giancarlo maintained continuous possession and control over the Transferred Ferraris, actively housing, fueling, and operating the Transferred Ferraris.

28. Upon information and belief, the Ferrari Transfer was concealed.

29. Upon information and belief, the Euro Shares Transfer was concealed.

30. Upon information and belief, the Euro Shares Transfer, Ferrari Transfer, and the Watches Transfer transferred substantially all of Giancarlo's assets.

31. On June 6, 2025, Plaintiff filed a civil action against Forensic Stat, Giancarlo, and Madhukar Sharma to recover amounts due under the Loan and its subsequent modifications, Case No. 1:25-cv-22594 (the "Underlying Action").

[1] Upon information and belief, the SF 90's VIN Number is ZFF96NMA8R0311115. Upon information and belief, the 812 Superfast's VIN Number is ZFF83CLA4L0256213.

32. On May 26, 2026, the Court entered a Final Judgment in the Underlying Action in favor of UBank and against Forensic Stat, Sharma, and Giancarlo, jointly and severally in the amount of $1,931,584.18, excluding interest and fees (the "Final Judgment"). As of May 26, 2026, $2,604,361.34 is owed on the Final Judgment. A true and correct copy of the Final Judgment is attached hereto as **Exhibit "A."**

33. To date, the Final Judgment remains completely unsatisfied, and the execution is valid and outstanding.

34. On July 7, 2026, the Clerk of Court for the Southern District of Florida issued a writ of execution as to Giancarlo (the "Writ of Execution"), a true and correct copy of the which is attached hereto as **Exhibit "B."**

35. The Writ of Execution remains unsatisfied and is valid and outstanding.

36. Upon information and belief, the Euro Shares Transfer was orchestrated with the actual intent to hinder, delay, or defraud UBank from seeking remedies against Giancarlo's ownership interest in Euro Exchange.

37. Upon information and belief, the Euro Shares Transfer and the Watches were transferred to Defendant Luis.

38. At the time of the above-mentioned transfers, Giancarlo was indebted to UBank.

39. UBank has retained the undersigned attorneys to represent its interests herein and is entitled to recover its fees pursuant to Florida Statute § 56.29(8).

40. All conditions precedent to this action have been performed, satisfied, or otherwise waived.

**COUNT I – ACTUAL FRAUDULENT TRANSFER UNDER § 726.105(1)(a)**
**(against Giancarlo Gasparini and Luis Gasparini, Sr.)**

41. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 40 as if fully set forth herein.

42. This is an action to avoid and recover fraudulent transfer pursuant to Section 726.105(1)(a) of the Florida Statutes.

43. Fla. Stat. § 726.105(1)(a) provides that: "a transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…with actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. § 726.105(1)(a).

44. UBank constitutes a creditor within the meaning of Fla. Stat. §§ 726.102 and 726.105.

45. Upon information and belief, Giancarlo transferred his shares in Euro Exchange and the Watches to Luis.

46. Upon information and belief, Luis assisted Giancarlo with the transfers.

47. Upon information and belief, before the transfers were made, Luis had knowledge of Plaintiff's claim and that it arose before the transfers were made.

48. The Euro Shares Transfer and Watches transfer were caused with the actual intent to hinder, delay, or defraud UBank.

49. Pursuant to § 726.108, UBank is entitled to the avoidance of the transfers and damages against Luis.

**WHEREFORE**, pursuant to sections 726.105(1)(a), 726.109, and 726.108, Florida Statutes, Plaintiff, UBank, respectfully requests (1) this Court to enter a judgment in its favor and against Defendants Giancarlo and Luis, avoiding the transfers related to the Watches and the Euro


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

Shares Transfer, plus the amount of additional transfers to be proven after further discovery; (2) entry of a money judgment against Luis Gasparini, Sr., in accordance with Chapter 726, plus the amount of additional transfers to be proven after further discovery, plus pre-judgment interest from the date of the transfers; (3) entry of an order allowing Plaintiff to levy by way of execution against Defendant Luis Gasparini, Sr., in order to satisfy such money judgment; (4) that the Court award Plaintiff applicable attorneys' fees and costs pursuant to Florida Statute § 56.29(8); and (5) such other and further relief as this Court may deem just and proper.

**COUNT II – ACTUAL FRAUDULENT TRANSFER UNDER § 726.105(1)(a)**
**(against Giancarlo Gasparini and GG16 LLC)**

50. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 40 as if fully set forth herein.

51. This is an action to avoid and recover fraudulent transfer pursuant to Section 726.105(1)(a) of the Florida Statutes.

52. Fla. Stat. § 726.105(1)(a) provides that: "a transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…with actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. § 726.105(1)(a).

53. UBank constitutes a creditor within the meaning of Fla. Stat. §§ 726.102 and 726.105.

54. After receiving the Notice, Giancarlo transferred a Ferrari 81 Superfast and a Ferrari SF90 in or about December 2024 to GG16 LLC, of which Giancarlo and Luis are both members.

55. Upon information and belief, the total value of the Transferred Ferraris was at least $500,000.

56. Upon information and belief, Giancarlo shared ownership of the Transferred Ferraris with Luis.

57. Upon information and belief, Giancarlo did not receive any value for the Transferred Ferraris.

58. Giancarlo intended to hinder, delay, or defraud UBank through the Ferrari Transfer.

59. Upon information and belief, (a) the Ferrari Transfer was made to GG16, an "insider"; (b) Giancarlo retained control of the Transferred Ferraris; (c) the transfer was concealed from UBank; (d) UBank's claim arose before the Ferrari Transfer; and (e) before the transfer was made, Giancarlo had been threatened with suit.

60. Upon information and belief, GG16 is either a "corporation of which [Giancarlo] is a director, officer, or person in control", or GG16 is an "affiliate" of Giancarlo. § 726.102 Fla. Stat. Therefore, GG16 is an "insider".

61. Upon information and belief, although title was transferred to GG16, Giancarlo maintained continuous possession and control over the Transferred Ferraris, actively housing, fueling, and operating the vehicles.

**WHEREFORE**, pursuant to sections 726.105(1)(a), 726.109, and 726.108, Florida Statutes, Plaintiff, UBank, respectfully requests this Court to (1) enter a judgment in its favor and against Giancarlo Gasparini and GG16 LLC avoiding the Ferrari Transfer, plus the amount of additional transfers to be proven after further discovery; (2) the entry of a money judgment against GG16 LLC, in accordance with Chapter 726, plus the amount of additional transfers to be proven after further discovery plus pre-judgment interest from the time of the transfers; (3) entry of an order allowing Plaintiff to levy by way of execution against Defendant GG16 LLC in order to satisfy such money judgment; (4) that the Court award Plaintiff applicable attorneys' fees and costs

pursuant to Florida Statute § 56.29(8); and (5) such other and further relief as this Court may deem just and proper.

**<u>COUNT III – CONSTRUCTIVE FRAUDULENT TRANSFER UNDER § 726.105(1)(b)(2) (against Giancarlo Gasparini and Luis Gasparini, Sr.)</u>**

62. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 40 as if fully set forth herein.

63. This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.105(1)(b) of the Florida Statutes.

64. Fla. Stat. § 726.105(1)(b)(2) provides that: "a transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…without receiving a reasonably equivalent value in exchange for the transfer…[and] intended to incur, or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." Fla. Stat. § 726.105(1)(b)(2).

65. UBank constitutes a creditor within the meaning of Fla. Stat. §§ 726.102 and 726.105.

66. Giancarlo received less than reasonably equivalent value in exchange for the Euro Shares Transfer and the Watches Transfer.

67. At the time of the transfers, Giancarlo was engaged or about to engage in a business transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

68. At the time of the transfers, Giancarlo intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

69. Upon information and belief, at the time of the transfers, Luis knew that Giancarlo would be unable to pay his debts.

**WHEREFORE**, UBank respectfully requests this Court enter judgment in its favor and against Defendants Giancarlo Gasparini and Luis Gasparini, Sr., (1) avoiding the Euro Shares Transfer and the Watches Transfer; (2) awarding damages against Defendant Luis Gasparini, Sr., in accordance with Chapter 726, plus interest and costs; (3) awarding Plaintiff applicable attorneys' fees and costs pursuant to Florida Statute § 56.29(8); and (4) such other and further relief as this Court may deem just and proper.

**COUNT IV - CONSTRUCTIVE FRAUDULENT TRANSFER UNDER § 726.105(1)(b)(2)**
**(against Giancarlo Gasparini and GG16 LLC)**

70. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 40 as if fully set forth herein.

71. This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.105(1)(b) of the Florida Statutes.

72. Fla. Stat. § 726.105(1)(b)(2) provides that: "a transfer made…by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…without receiving a reasonably equivalent value in exchange for the transfer…[and] intended to incur, or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." Fla. Stat. § 726.105(1)(b)(2).

73. UBank constitutes a creditor within the meaning of Fla. Stat. §§ 726.102 and 726.105.


**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Fifth Floor, Miami, Florida 33135 • T: (786) 837-6787 | F: (305) 718-0687 • www.epgdlaw.com

74. Upon information and belief, Giancarlo transferred a Ferrari 81 Superfast and a Ferrari SF90 in or about December 2024 to GG16 LLC, a Montana limited liability company of which Giancarlo and Luis are both members.

75. Upon information and belief, the total value of the Transferred Ferraris was at least $500,000.

76. Giancarlo received less than reasonably equivalent value in exchange for the Transferred Ferraris.

77. At the time of the transfers, Giancarlo was engaged or about to engage in a business transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

78. At the time of the transfers, Giancarlo intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

79. Upon information and belief, at the time of the transfers, GG16 knew that Giancarlo would be unable to pay his debts.

**WHEREFORE**, UBank respectfully requests this Court enter judgment in its favor and against Defendants Giancarlo Gasparini and GG16 LLC (1) avoiding the Ferrari Transfer; (2) awarding damages against Defendant GG16 LLC in accordance with Chapter 726, plus interest and costs; (3) awarding Plaintiff applicable fees and costs pursuant to Florida Statute § 56.29(8); and (4) such other and further relief as this Court may deem just and proper.

**COUNT V –CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 726.106(1)**
**(against Giancarlo Gasparini and Luis Gasparini, Sr.)**

80. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 40 as if fully set forth herein.

81. This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.106(1) of the Florida Statutes.

82. Florida Statute 726.106(1) provides that, "a transfer made…by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made…if the debtor made the transfer…without receiving a reasonably equivalent value in exchange for the transfer…and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." § 726.106(1).

83. UBank's claim arose before the transfer.

84. Giancarlo received less than reasonably equivalent value in exchange for the Euro Shares Transfer and Watches Transfer.

85. Giancarlo was insolvent at the time of the transfer, or became insolvent as a result of the transfer.

**WHEREFORE**, UBank respectfully requests this Court enter judgment in its favor and against Defendants Giancarlo Gasparini and Luis Gasparini, Sr., (1) avoiding the Euro Shares Transfer and Watches Transfer; (2) awarding damages against Defendant Luis Gasparini, Sr., in accordance with Chapter 726, plus interest and costs; (3) awarding Plaintiff applicable attorneys' fees and costs pursuant to Florida Statute § 56.29(8); and (4) such other and further relief as this Court may deem just and proper.

**COUNT VI –CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 726.106(1)**
**(against Giancarlo Gasparini and GG16 LLC)**

86. Plaintiff realleges and reincorporates the allegations raised in paragraphs 1 through 40 as if fully set forth herein.

87. This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.106(1) of the Florida Statutes.

88. Florida Statute 726.106(1) provides that, "a transfer made…by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made…if the debtor made the transfer…without receiving a reasonably equivalent value in exchange for the transfer…and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." § 726.106(1).

89. UBank's claim arose before the transfer.

90. Giancarlo received less than reasonably equivalent value in exchange for the Ferrari Transfer.

91. Giancarlo was insolvent at the time of the transfer, or became insolvent as a result of the transfer.

**WHEREFORE**, UBank respectfully requests this Court enter judgment in its favor and against Defendants Giancarlo Gasparini and GG16 LLC (1) avoiding the Ferrari Transfer; (2) awarding damages against Defendant GG16 LLC in accordance with Chapter 726, plus interest and costs; (3) awarding Plaintiff applicable fees and costs pursuant to Florida Statute 56.29(8); and (4) such other and further relief as this Court may deem just and proper.

Dated: July 31, 2026.

Respectfully submitted,

**EPGD ATTORNEYS AT LAW, P.A.**
*Attorneys for UBank*
777 SW 37th Ave., Fifth Floor
Miami, FL 33135
T: (786) 837-6787
F: (305) 718-0687
sarah@epgdlaw.com

BY: /s/ *Sarah Denis*
Sarah Denis, Esq.
Florida Bar No.: 1010695

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY: /s/ *Sarah Denis*
Sarah Denis, Esq.
Florida Bar No.: 1010695

# Exhibit "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22594-BLOOM/Elfenbein**

UBANK,

Plaintiff,

v.

FORENSIC STAT LABORATORY INC., MADHUKAR SHARMA, and GIANCARLO GASPARINI,

Defendants.

______________________________/

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By ______ Deputy Clerk
Date 6/25/26

**FINAL JUDGMENT**

**THIS CAUSE** is before the upon a *sua sponte* review of the record. On May 15, 2026, the Court granted summary judgment in favor of Plaintiff and against Defendants. ECF No. [47]. The Court indicated that, pursuant to Federal Rule of Civil Procedure 58, judgment would be entered separately upon the Court's receipt of Plaintiff's accounting of the fees and costs to be awarded. *Id.* at 24–25. Plaintiff has submitted such an accounting. ECF Nos. [48] and [49]. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, for (i) the accelerated balance remaining on the Note of $1,931,584.18, (ii) accrued interest in the amount of $345,545.71 as of April 21, 2026 and continuing to accrue at a rate of $536.5512 per day until the date of judgment, (iii) late fees of $37,398.30, (iv) an appraisal fee in the amount of $6,250.00, and (v) attorneys' fees and taxable and nontaxable costs of $264,803.86, *see* ECF No. [51], for which sum let execution issue.
2. Judgment is entered in favor of Plaintiff on Plaintiff's claim for Replevin of the

Collateral/Equipment, identified in Exhibit J to Plaintiff's Complaint, ECF No. [1-14]. Plaintiff is awarded the immediate right of possession of the Collateral/Equipment identified in Exhibit J of Plaintiff's Complaint, ECF No. [1-14]. The Clerk of Court shall issue a writ of possession. If the Collateral/Equipment is replevied, its value shall be set off against the final money judgment.

3. Plaintiff holds a lien on the Personal Property/Equipment for the total sum of the debt claimed under the Loan Documents, which lien is superior to any claim or interest of all Defendants and all persons claiming by, through, under or against these Defendants.
4. Judgment is entered in favor of Plaintiff to foreclose on its security interest in Personal Property/Equipment.
5. If the sum owed to Plaintiff is not paid by **August 24, 2026**, the Personal Property/Equipment shall be sold to satisfy Plaintiff's claims. In the event the proceeds from the foreclosure sale are insufficient to satisfy Plaintiff's claim, an award of deficiency judgment shall be entered against any Defendants responsible therefor.
6. The Clerk of Court is directed to **CLOSE** this case.
7. The Court shall retain jurisdiction over this matter to enforce the terms of this final judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 26, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

# **Exhibit "B"**

SEALED

# WRIT OF EXECUTION

| UNITED STATES DISTRICT COURT | DISTRICT: Southern District of Florida |
|---|---|

TO THE MARSHAL OF: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME

GIANCARLO GASPARINI

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | | DOLLAR AMOUNT |
|---|---|---|
| Two million six hundred four thousand three hundred sixty-one dollars and thirty-four cents | and | $2,604,361.34 |

in the United States District Court for the Southern District of Florida, before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

GIANCARLO GASPARINI

and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| | |
|---|---|
| PLACE: U.S. MARSHAL'S OFFICE | DISTRICT: Southern District of Florida |
| CITY: Miami | DATE: 7/07/2026 |

Witness the Honorable Beth Bloom
*(United States Judge)*

| DATE | CLERK OF COURT |
|---|---|
| 7/07/2026 | Angela E. Noble |
| | (BY) DEPUTY CLERK: S.Carlson |

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

## RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|
| | |

This writ was received and executed.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|
| | |

Print Reset Form